FIRE COMPANIES BUILDING CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 26205, 40435.   Promulgated February 19, 1930.

*James L. Fort, Esq.*, for the petitioner.
*John D. Kiley, Esq.*, for the respondent.

OPINION.

Phillips: During the years involved petitioner owned an office building in New York City which it leased to two corporations owning all its capital stock. It contributed to a hospital serving the section of the city in which this building was located and seeks to deduct such contributions in computing its taxable income. The revenue act allows deductions to be taken by individuals for contributions to charitable corporations but fails to include such items among those allowed as deductions to be taken in computing the tax-

able income of corporations. The only basis on which such deductions are allowable to corporations are as ordinary and necessary expenses of a business carried on by them. *American Rolling Mills Co.*, 14 B. T. A. 529; *Consolidated Gas, Electric & Power Co.* v. *United States*, 65 Ct. Cls. 252.

The business of petitioner is that of owning and operating an office building. How many employees it has does not appear. The six hundred or more mentioned in our findings include those of the two insurance companies which own all of petitioner's stock and occupy this building. There is nothing that would indicate that petitioners are under any legal or moral duty to supply hospital facilities for the employees of such other companies. We are of the opinion that the record fails to establish that the contributions in question constitute ordinary and necessary expenses of the business of petitioner.

When the petitioner's building was constructed iron pipes were installed to distribute hot water to the offices and toilets. During 1923 and 1924 petitioner expended $25,000 in replacing the iron pipe with brass pipe. While the testimony is rather unsatisfactory and to some extent conflicting, it would appear that trouble developed in the distributing system to such an extent that it was deemed advisable to remove the iron pipes and replace them with brass. The major portion of this work appears to have been done in 1923 and 1924, being completed in the latter year. At that time the old piping had been entirely removed and replaced with new, except for certain sections near the boiler. The Commissioner determined that the cost of the discarded pipe was $15,000, and, after adjusting for depreciation allowed in prior years, permitted this cost to be deducted in 1923 and 1924. He determined that the amount of $25,000 expended in installing brass pipes should be capitalized and recovered for income-tax purposes by annual depreciation deductions to be taken over its probable useful life. The petitioner claims that the replacement of the iron pipe by brass was a repair, the deduction of the cost of which may be taken currently.

It is not always easy to distinguish between repairs which keep property in operating condition and the cost of which is deductible annually, and replacements and betterments the cost of which should be charged against reserves for depreciation or added to the cost of the property. To some extent the question may depend upon the basis on which depreciation has been taken and allowed. If the rate anticipates extraordinary repairs or replacements, it is proper that their cost be charged against the depreciation reserve so set up, but if the rate fails to anticipate such expenditures, some adjustment may be necessary either by allowing the expenditures as deduc-

tions when incurred or by adding their cost to the cost of the property for depreciation in after years.

In the instant case we have a situation where an unsatisfactory system of distributing hot water was replaced. The new system will be in use for many years. The Commissioner has allowed the petitioner to recover the cost of the old system and proposes to allow the cost of the new system to be recovered in the years of its use. We see no valid objection to such procedure. See *Simmons & Hammond Mfg. Co.*, 1 B. T. A. 803; *Illinois Merchants Trust Co., Executor*, 4 B. T. A. 103; *Black Hardware Co.*, 16 B. T. A. 551.

*Decision will be entered for the respondent.*